**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

MICHAEL LERTCHITVIKUL,

Plaintiff-Appellant,

v.

KILOLO KIJAKAZI, Acting
Commissioner of Social Security,

Defendant-Appellee.

No.  22-55536

D.C. No. 2:20-cv-08310-SP

MEMORANDUM[*]

Appeal from the United States District Court
for the Central District of California
Sheri Pym, Magistrate Judge, Presiding

Submitted August 17, 2023[**]
Pasadena, California

Before:  WARDLAW, CHRISTEN, and SUNG, Circuit Judges.

Michael Lertchitvikul appeals the district court's order affirming the

administrative law judge's (ALJ) denial of disability benefits at step five of the

disability analysis.  The ALJ found that Lertchitvikul could perform work as a

---

    [*]    This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

    [**]    The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

telephone solicitor, cashier, and document preparer.  We have jurisdiction pursuant to 28 U.S.C. § 1291 and 42 U.S.C. § 405(g), and we affirm the district court's order.[1]

Substantial evidence supports the ALJ's conclusion that Lertchitvikul was capable of performing "other work that exists in significant numbers in the national economy." *Tackett v. Apfel*, 180 F.3d 1094, 1100 (9th Cir. 1999) (internal quotation marks omitted); 20 C.F.R. § 404.1520(a)(4)(v).  Lertchitvikul's primary argument on appeal is that the ALJ erred by failing to include any fingering and handling limitations in his Residual Functional Capacity determination and subsequent hypothetical question to the Vocational Expert (VE).  Lertchitvikul does not challenge the ALJ's other limitations.

Even assuming that the ALJ erred by omitting Dr. Maze's fingering and handling limitations,[2] any error was harmless.  *See Burch v. Barnhart*, 400 F.3d 676, 679 (9th Cir. 2005) ("A decision of the ALJ will not be reversed for errors that are harmless.").  The inclusion of Dr. Maze's limitations ("frequent" fingering and handling with Lertchitvikul's right hand and "frequent" fingering and

---

[1] As the parties are familiar with the facts and procedural history of the case, we will not detail them here except as necessary.

[2] Lertchitvikul forfeited any challenge to Dr. Wilson's fingering and handling limitations by failing to argue the issue before the district court.  *See Greger v. Barnhart*, 464 F.3d 968, 973 (9th Cir. 2006).

"occasional" handling with his left) would not exclude all of the jobs outlined by the VE. Working as a telephone solicitor requires occasional handling and frequent fingering. *See* Telephone Solicitor, DICOT 299.357-014. Thus, the limitations outlined by Dr. Maze do not preclude Lertchitvikul from performing the job of telephone solicitor, which exists in significant numbers in the national economy.[3] *See Tackett*, 180 F.3d at 1102–04.

**AFFIRMED.[4]**

---

[3] In his reply brief, Lertchitvikul argues that he cannot perform the job of telephone solicitor because it requires occasional reaching and the ALJ limited Lertchitvikul's overhead reaching. This argument is forfeited. Even if Lertchitvikul preserved the argument, the VE was aware that the ALJ limited Lertchitvikul to no overhead reaching, explained that the Dictionary of Occupational Titles does not distinguish between overhead reaching and reaching at other levels, and relied on her professional experience to conclude that Lertchitvikul could work as a telephone solicitor.

[4] Because we hold that substantial evidence supports the ALJ's finding that Lertchitvikul can perform the job of telephone solicitor, we need not address the other arguments raised on appeal.